## SHREWSBURY.

The rejection of the vote of a qualified voter, whose name was not on the list, when tendered in the balloting for state and county officers, is no objection to the election of a representative, made subsequently, in which such voter did not tender his vote, although all the elections were made at the same meeting, and the same list of voters was used.

The rejection of a legal vote will not invalidate an election, unless the majority would have been changed or prevented by its reception.

THE election of Nymphas Pratt, returned a member from the town of Shrewsbury, was controverted by Josiah Norcross and others, for the following reasons: 1. That at the meeting for the choice of a representative, in said town, the votes of Norcross, and one Maynard, who would have voted against the said Pratt, were improperly rejected; and 2. That Eddy Tucker, one of the voters, having accidentally dropped his vote, before putting it into the ballot box, the presiding select-man, (Mr. Pratt, the member,) picked up a different vote, having his own name on it, and put it into the box, as and for the vote of said Tucker.[1]

The committee on elections made the following report, in this case, which was agreed to[2]: —

" A town-meeting was duly held in said town, for the election of a representative to the general court, on the fourteenth day of November last, being the second Monday of said month, at which meeting, the said Nymphas Pratt, being chairman of the selectmen, presided. The whole number of votes given in was two hundred and five, of which the said Pratt had one hundred and four, the rest being distributed among a number of candidates.

It appeared to the committee, that, at a meeting of the selectmen, duly held during the hour previous to the town-meeting, it was agreed by them, that Josiah Norcross and all others, who should come forward in the meeting-house, at the election, and satisfy the selectmen, that they possessed the requisite legal qualifications to vote, should then have their

[1] 53 J. H. 50.          [2] Same, 318, 398.

names inserted on the list, if they should request it. It further appeared, that the said Josiah Norcross, while the town clerk was calling the list of voters the second time, and after he had passed the letter N, offered his ballot for state and county officers, to the chairman of the selectmen. The chairman refused his ballot, at the same time turning to the town clerk and saying, that Josiah Norcross wished to vote, to which the clerk replied, that he could not attend to it then, as his name was not on the list, but would, when he had finished calling. After the list had been called over the second time, a loud proclamation was made by the chairman, that all who had a right to vote, might now have an opportunity. None, however, then offered to vote. There was no evidence, that Norcross desired that his name should be inserted on the list. On the balloting for representatives to the general court, Norcross did not offer to vote, but it was testified by him, that, had he voted, he would have voted for Thomas Harrington, Jr. It was admitted, that the said Norcross possessed the constitutional qualifications to vote for representatives to the general court.

On this evidence, the committee are of opinion, that the rejection of the vote of Josiah Norcross, in the election of governor, lieutenant governor, and senators, is not a valid objection against the election of Nymphas Pratt, because, no vote of Norcross was tendered in the election of a representative; and because, if it had been tendered and rejected, Mr. Pratt would still have had a majority of the votes given in. And besides, the name of the said Norcross was not upon the list.

But the petitioners further object to the election of Mr. Pratt, because he improperly put into the ballot box a vote for himself, under color of receiving the vote of one Eddy Tucker. Mr. Tucker was a legal voter, and accidentally dropped his vote, in attempting to put it into the box. Mr. Pratt took up a vote from the place where Mr. Tucker's vote appeared to fall, and holding it up, and inquiring of the said Tucker, 'if this was not his vote,' and saying, 'this must be the vote,' put it into the box. One witness testified in one deposition, that

he saw on the ballot, thus put in by Mr. Pratt, the letter ' N,'
and the word ' Pratt;' and in another deposition, the same
deponent adds, that he thinks it bore the name of ' Nymphas.'
The said Tucker himself testified in one deposition, that he
assented to the act of the said Pratt, in putting into the box
the abovementioned vote, and in another deposition he swears
that he neither assented, nor objected to it, and that he did not
know, whether the said vote was his or not.  He further says,
that his ballot bore the name of Thomas Harrington, Jr.

The testimony of another witness, Calvin H. Stone, was,
that the vote of the said Tucker was dropped in the direction
of the town clerk's desk, that the chairman followed it with
his hand, took up one from the desk, and looking at said
Tucker, and bowing, deposited it in the box, Mr. Tucker ap-
pearing to consent.

The only additional evidence, relative to this part of the
case, was the deposition of Henry Snow, the town clerk, and
one of the candidates for representative.  He deposed, that he
wrote but two votes on the day of election, and they were
both for Nathan Pratt; one of which he put into the box, the
other he left in the corner of his writing desk, on which he
saw no other vote during the day.  A few minutes after he
had voted, he heard some one say, ' you have dropped your
vote,' to which, another, he did not know who, replied, ' I
thought it dropped in.'  The chairman then looked over the
table for it, and the deponent saw the hand of the chairman
having a vote therein, moving from the deponent's writing
desk towards the ballot box; the chairman then looking at
some person unknown to the witness, said, ' yes, I presume
this is your vote,' and dropped the ballot into the box.  The
deponent further says, that he did not afterwards see the vote
for Nathan Pratt on his desk.  He further testifies, that on
counting the votes for representative, he saw among them
two votes for Nathan Pratt, in his own hand writing, and they
were the only ones counted for that candidate, though Luke
Harrington deposed, that he also voted for Nathan Pratt.

The committee, on this evidence, believe that the vote put

in by the chairman, as and for the vote of Eddy Tucker, was not for himself, but that it bore the name of Nathan Pratt, and so would not affect the majority of the sitting member; and, that even on the supposition, that it bore the name of Nymphas Pratt, the sitting member would still be chosen by a majority of votes. If any mistake actually occurred, with regard to the vote of Mr. Tucker, the committee have seen no reason whatever, to suppose that it was intentional on the part of Mr. Pratt.

On the whole, the petitioners must establish both a wrongful rejection of the vote of Josiah Norcross, and a wrongful admission by the chairman of a vote for himself, before they can prevail; and as the committee think, that so far from substantiating both of these positions, the petitioners have failed in both, they are of opinion, that Nymphas Pratt was duly elected a member of this house, and is entitled to his seat."